UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| BEVERLY NECO, | **COMPLAINT AND DEMAND FOR** |
| Plaintiff, | **JURY TRIAL** |
| -against- | **ECF Case** |
| THE CITY OF NEW YORK and NEW YORK CITY POLICE OFFICER ANTHONY GIAMBRA, Shield No. 5700, Individually, | |
| Defendants. | |

------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) for the wrongful acts of defendants CITY OF NEW YORK, New York City Police Officers ANTHONY GIAMBRA, Shield No. 5700, acting under color of state law and pursuant to his authority, in violation of plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiff BEVERLY NECO alleges that beginning on or about 3:56 p.m. on October 2, 2013, and continuing until October 3, 2016 approximately 24 hours later, defendants committed wrongful and illegal acts against plaintiff, including violating plaintiff's constitutional and civil rights by wrongfully depriving her of her liberty, falsely arresting and imprisoning her and using unnecessary and excessive force against her.

## JURISDICTION

3. This action is brought under 42 U.S.C. Section 1983, in conjunction with the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions and pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's Constitutional and civil rights.

## VENUE

5. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Southern District of New York.

## JURY TRIAL DEMANDED

6. Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

## PARTIES

7. At all times relevant hereto, plaintiff BEVERLY NECO, was and is a citizen of the United States and resident of the City of New York in the State of New York.

8. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City

9. Defendant POLICE OFFICER ANTHONY GIAMBRA, Shield No. 5700, was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of defendant CITY OF NEW YORK. Defendant POLICE OFFICER ANTHONY GIAMBRA, is and was at all times relevant herein acting under the direction and control of the New York City Police Department, a municipal agency of defendant CITY OF NEW YORK, and was acting pursuant to either official policy, or the custom, practice and usage of the New York City Police Department, a municipal agency of defendant CITY OF NEW YORK. Defendant POLICE OFFICER ANTHONY GIAMBRA, is sued individually.

10. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of policing and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers and employees as said risk attaches to the public consumers of the services provided by members of the New York City Police Department. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of POLICE OFFICER ANTHONY GIAMBRA, and other members of the New York City Police Department.

11. At all times relevant hereto and in all their actions described herein, the defendant POLICE OFFICER ANTHONY GIAMBRA was acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York, and the New York City Police Department, a municipal agency of defendant CITY OF NEW YORK,

pursuant to his authority as employees, servant and agent of the New York City Police Department, within the scope of employment and incidental to his otherwise lawful duties and functions as employee, servant, agent and police officer. At all times relevant herein, he was acting for and on behalf of the New York City Police Department, a municipal agency of defendant CITY OF NEW YORK, with the power and authority vested in him as an officer, agent, servant and employee of the New York City Police Department, a municipal agency of defendant CITY OF NEW YORK.

12. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and supervisors particularly, and the unknown police officer and supervisor whose identities plaintiff intends to discover.

13. At all times relevant hereto, defendant CITY OF NEW YORK was responsible for the training and discipline of its police officers, including officers, sergeants, lieutenants and captains.

14. At all times mentioned herein, defendant CITY OF NEW YORK, knew or should have known of the bias, bad judgment, maliciousness and other unlawful propensities of POLICE OFFICER ANTHONY GIAMBRA, the officer involved in the violation of the plaintiff's civil rights.

15. At all times mentioned herein, defendant CITY OF NEW YORK knew or should have known of the discriminatory nature, bad judgment, carelessness and propensity for the reckless disregard of the truth, and other unlawful propensities of the officer involved in the violation of civil rights, false imprisonment, and use of unnecessary and excessive force against the plaintiff BEVERLY NECO.

16. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff.

## FACTUAL BACKGROUND

17. On or about October 2, 2013 at about 3:45 p.m., the plaintiff BEVERLY NECO left a supermarket in the area around Amsterdam Avenue and West 85th Street in New York City.

18. BEVERLY NECO spotted Edwin Gutierrez, a former roommate who had a history of harassing and abusing Ms. Neco.

19. Edwin Gutierrez not only had a history of domestic violence against others, but he was arrested on December 5, 2014 in Suffolk County, where he is currently incarcerated and indicted for murder.

20. Ms. Neco briefly lived with Edward Gutierrez and had a short romantic involvement with him, but ended the relationship when his possessiveness culminated in abusive behavior towards her.

21. The first sign of Mr. Gutierrez' dangerous volatility came on or around September 14, 2013, when he physically struggled with Ms. Neco, trying to prevent her from leaving the apartment.

22. Ms. Neco moved from his apartment the following week.

23. While doing so, on or about September 21, 2013, another physical incident occurred and this time Mr. Gutierrez not only hit Ms. Neco but also took her money.

24. Another roommate intervened and helped Ms. Neco leave with her clothes and the money that Mr. Gutierrez had taken.

25. A few days later, on or about September 25, 2013, Ms. Neco met Mr. Gutierrez to retrieve her i-pod and return the keys to Mr. Guteirrez's apartment.

26. When Ms. Neco left Mr. Gutierrez, she later realized that he continued to follow her, causing her much apprehension and fear for her physical safety.

27. When Mr. Gutierrez failed to follow her warnings to stop following her, Ms. Neco called the police.

28. The police who responded to her 911 call were polite and helpful.

29. They advised Ms. Neco that they would speak with him and tell him to leave her alone.

30. About one week later, on October 2, 2013, Ms. Neco was unexpectedly confronted by Mr. Gutierrez while she was walking in her neighborhood.

31. Ms. Neco told him to leave her alone.

32. Mr. Gutierrez responded by saying: "Don't make me hurt you."

33. Mr. Gutierrez continued to follow Ms. Neco and she was afraid to go into the building where she was staying with her mother.

34. Ms. Neco called 911 to report that Mr. Gutierrez was again following her.

35. No police officers responded, so Ms. Neco called 911 again.

36. Defendant POLICE OFFICER GIAMBRA arrived in a police vehicle with his partner, Officer Thomas.

37. Defendant GIAMBRA asked Ms. Neco, "What do you want us to do?" and told Ms. Neco that she needed to go to the precinct and make a report, and then abruptly drove off.

38. Ms. Neco intended to make a police report but was afraid and called 911 again and stated that she needed help but the officer who came to help her just left.

39. The 911 operator advised Ms. Neco that she would send other officers.

40. Mr. Gutierrez came closer to Ms. Neco on the street, threatening her and causing her great fear.

41. Ms. Neco saw a police car turn the corner near where she was standing.

42. Mr. Gutierrez asked Ms. Neco why she called the police.

43. It was defendant GIAMBRA and his partner who returned in a police car.

44. Ms. Neco tried to explain to defendant GIAMBRA that the man who was following her and threatening her was standing behind her.

45. Defendant GIAMBRA again asked in a very nasty and derogatory manner: "What do you want us to do?"

46. Ms. Neco asked defendant GIAMBRA why he was speaking to her in such an angry manner.

47. Ms. Neco was about 4 feet from his window.

48. Defendant GIAMBRA then said, "Now you are getting disorderly. You got 5 minutes to get away or you will get a summons."

49. Ms. Neco walked away to the corner as instructed.

50. Ms. Neco called her mother while she stood on the corner.

51. Defendant GIAMBRA got out of his car, walked to Ms. Neco and demanded her identification.

52. Ms. Neco told him she was speaking with her elderly mother.

53. Officer GIAMBRA told Ms. Neco to get off the "fucking phone" and repeated the command to give him her ID.

54. Ms. Neco handed Officer GIAMBRA her identification.

53. Defendant GIAMBRA roughly grabbed Ms. Neco's upper arm, causing her cellular phone to fall and break and pulled her towards his parked car, saying, "Let's go."

55. Ms. Neco started crying, and asked, "What are you doing?"

56. Officer GIAMBRA responded, "You are getting a summons."

57. Mr. Gutierrez then approached the officer and said "Hey," and asked what the officer was doing.

58. Defendant GIAMBRA told him to "mind your fucking business."

59. Defendant GIAMBRA then handcuffed Ms. Neco behind her back and slammed her stomach and chest on the rear of the police car.

60. Ms. Neco repeatedly asked GIAMBRA why she was being arrested.

61. Defendant GIAMBRA told Ms. Neco to "Shut the fuck up."

62. Defendant GIAMBRA grabbed Ms. Neco by her left upper arm and threw her into the police car while she was handcuffed, head first.

63. Officer GIAMBRA appeared to weigh about 225 to 275 pounds.

64. Ms. Neco landed on her right shoulder, causing bruising and pain to her shoulder and then fell with all of her weight on her handcuffed wrist area.

65. Ms. Neco was thrown into the car with such force that her sandals came off.

63. When Ms. Neco asked for her sandals, Officer GIAMBRA picked them up and threw them in her face.

64. Ms. Neco asked, "Why are you treating me like this?"

65. Defendant GIAMBRA then said: "Shut the fuck up you cunt."

66. When Ms. Neco arrived at the precinct, she asked for the Commanding Officer.

67. Ms. Neco told the Captain that Officer GIAMBRA called her a cunt and treated her like a dog when she called 911 for help.

68. The Commanding Officer looked shocked.

69. Officer GIAMBRA denied that he did so.

70. While she was in a cell, Officer GIAMBRA mocked Ms. Neco and repeatedly made gestures of blowing kisses to her.

71. Ms. Neco was in pain and requested to be taken to the hospital.

72. Ms. Neco was taken from the 20th precinct to Roosevelt-St. Luke's Hospital on 59th Street, then to a precinct downtown and ultimately to Central Booking.

73. Ms. Neco was falsely seized, arrested and imprisoned, wrongfully deprived of her liberty and charged with Resisting Arrest, Unlawful Possession of Marijuana and Disorderly Conduct.

74. Ms. Neco lawfully sought the assistance of the police to help her in dealing with a person she rightly perceived as a danger to herself.

75. P.O. GIAMBRA had no probable cause to seize, search, arrest and incarcerate Ms. Neco.

76. Ms. Neco had no intention to cause public inconvenience, annoyance and alarm, and did not recklessly create a risk thereof by using abusive and obscene language or making an obscene gesture in a public place.

77. Ms. Neco never resisted arrest and her arrest was not a lawful arrest.

78. Ms. Neco was arraigned in Criminal Court in the County of New York the following day.

79. Ms. Neco was released on her own recognizance.

80. Ms. Neco was in police custody for approximately 24 hours until she was released at arraignment.

81. After multiple appearances in Court, Ms. Neco's case was ultimately dismissed and sealed.

82. Ms. Neco was wrongfully deprived of her liberty, falsely arrested and imprisoned and subjected to unnecessary and excessive force causing her injury, pain and suffering.

## FOR A FIRST CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant CITY OF NEW YORK)

83. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-82 of this complaint, as though fully set forth herein.

84. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-82 deprived plaintiff of her rights, privileges and immunities under the

laws and Constitution of the United States secured to plaintiff by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.  Plaintiff was deprived of her rights to liberty, to free speech, to be secure in her person and property, to due process under the law, to be free from false arrest and false imprisonment, and the unnecessary and excessive use of force.

85. At all times material to this complaint, the defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, had in effect <u>de facto</u> policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.   Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including defendant GIAMBRA, with regard to the rights of citizens, thereby causing the defendant officer in this case to engage in the unlawful conduct described above.

86. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased police officers from their duties.

87. Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known that prior to October 2, 2013, the perpetration of unlawful arrests, the abuse of police powers,  the unnecessary and excessive use of force, the commission of perjury and other malicious, and inappropriate unlawful acts by defendant officer GIAMBRA was occurring, in that it is known that defendant GIAMBRA has been the subject of

more than one action complaining of his violation of the constitutional and civil rights of others, and it is believed that there may have been more complaints of such unlawful conduct by Officer GIAMBRA, but defendant CITY OF NEW YORK failed to take appropriate steps to discipline or seriously punish such unlawful acts, as exemplified by the lack of any serious consequences against Police Officer GIAMBRA for his prior violations of the civil rights of the people of the state of New York, thereby encouraging the continuance of police harassment of civilians and passively approving the abuse of police authority against law-abiding innocent civilians by refusing to address the problem in any meaningful way.

88. On information and belief, the defendant CITY OF NEW YORK failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officer and employee herein, for among others things: to screen, hire, train and supervise officers for their ability to respond to civilians with courtesy, professionalism and respect, to discipline officers for their propensity to disregard constitutional rights, and for their failure to protect citizens from unconstitutional conduct of other police officers and employees, thereby permitting and allowing the defendant police officer and employee herein to be in a position to falsely seize, arrest and imprison the plaintiff, depriving her of her liberty, and to use unnecessary and excessive force against her and to otherwise cause her injury and violate her federal constitutional rights, and/or to permit these actions to take place.

89. On information and belief, the defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its police officers and employees, and failed to create proper means of containing such risk and managing such

stress. Inter alia, the structure was deficient, at the time of selection of police officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police departments about the performance of individual police officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit police officers to function at levels of significant and substantial risk to the public in general.

90. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

91. As a result of the foregoing, the plaintiff was deprived of her liberty, subjected to unnecessary and excessive force, sustained physical and emotional injuries, and was otherwise harmed, damaged and injured.

**FOR A SECOND CAUSE OF ACTION**

**VIOLATION OF CONSTITUTIONAL RIGHTS**
**DEPRIVATION OF LIBERTY BY FALSE ARREST AND FALSE IMPRISONMENT**
**(Defendant ANTHONY GIAMBRA)**

92. Plaintiff repeats and realleges the allegations contained in paragraphs 1-91 of this complaint, as though fully set forth herein.

93. The actions of the defendant NEW YORK CITY POLICE OFFICER ANTHONY GIAMBRA, a member of the New York City Police Department, and acting under color of state law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, in particular the rights to liberty, to be free from unlawful search and seizure, to be secure in her person and property, to due process under the law, to free speech, and the concomitant rights to be free from false arrest and false imprisonment.

94. The arrest and imprisonment of the plaintiff was without any warrant or other legal process, without authority of law and without any reasonable cause to believe that the plaintiff was committing any crime or offense.

95. By these actions, defendant GIAMBRA has deprived plaintiff of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendant is individually liable.  As a result of the foregoing, the plaintiff was deprived of liberty, sustained great emotional injuries, and was otherwise harmed, damaged and injured.

## FOR A THIRD CAUSE OF ACTION

**VIOLATION OF CONSTITUTIONAL RIGHTS
PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
THE EXCESSIVE USE OF FORCE
(Defendant ANTHONY GIAMBRA)**

96. Plaintiff repeats and realleges the allegations contained in paragraphs 1-95 of this complaint, as though fully set forth herein.

97. Defendant ANTHONY GIAMBRA had the legal duty to use only the amount and degree of force in the apprehension of a suspect as was reasonable under the circumstances, for the proper and efficient supervision and control of such persons.

98 On October 2, 2013, defendant ANTHONY GIAMBRA, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force that was objectively unreasonable against plaintiff BEVERLY NECO, causing her to suffer injuries, thereby violating the plaintiff's constitutional and civil rights.

99. As a result of the aforementioned conduct of defendant ANTHONY GIAMBRA, the plaintiff BEVERLY NECO was subjected to the unnecessary and excessive use of force and sustained physical injuries to her body as the result of being handcuffed, slammed against a police car, and thrown into the back seat of the car head first while handcuffed, which resulted in physical and emotional injuries, pain and suffering, and the plaintiff was otherwise harmed, damaged and injured.

**WHEREFORE,** Plaintiff requests the following relief:

a. Compensatory damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury;

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

DATED:  New York, New York
　　　　April 21, 2016

Respectfully,

_____s/_____
JOANNE M. DWYER (JD9852)
Attorney for Plaintiff
BEVERLY NECO
225 Broadway, 41st Floor
New York, NY 10007
(212) 233-0591
joannedwyer@aol.com

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF   NEW YORK |
| BEVERLY NECO,<br><br>                  Plaintiff,<br><br>   -against-<br><br>THE CITY OF NEW YORK and NEW YORK CITY<br>POLICE OFFICER ANTHONY GIAMBRA,<br>Shield No. 5700, Individually,<br><br><br>                Defendants. |
| **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| *JOANNE M. DWYER*<br>*Attorney for Plaintiff*<br>*225 Broadway, 41st Floor*<br>*New York, N.Y.  10007*<br>*Tel:  (212) 233-0591* |
| |